



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

United States District Courthouse
300 Quarropas Street
White Plains, New York 10601

December 7, 2015

**By Hand**
The Honorable Cathy Seibel
United States District Court
300 Quarropas Street
White Plains, New York 10601
Fax: (914) 390-4145

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/9/2015

    Re:   United States v. Anthony Butler
         ~~89-0146~~, 08-1019 (CS)

Dear Judge Seibel:

    At the request of the Court, the Government respectfully submits this letter in response to the defendant's submission, dated November 4, 2015, requesting early termination of supervised release. For the reasons stated below, the Government opposes the defendant's request for early termination.

    On June 15, 1989, the defendant was convicted, following a jury trial, of distributing approximately 455.4 grams of cocaine base, in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(A) and Title 18, United States Code, Section 2, in the United States District Court for the District of Columbia. On September 17, 1989, the Honorable George H. Revercomb sentenced the defendant to 240 months' imprisonment, to be followed by ten years' supervised release. The defendant began serving his ten-year term of supervised release on August 17, 2006. On October 24, 2008, jurisdiction was transferred to Your Honor. His term of supervised release is set to expire in or about August 2016.

    Pursuant to Title 18, United States Code, Section 3583(e), a district court "may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)" terminate a term of supervised release any time after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." See also United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). Early termination, however, is not warranted as a matter of course; on the contrary, it is only "occasionally" justified due to "changed circumstances" of a defendant, such as "exceptionally good behavior." Id. Although the defendant has apparently been compliant with the terms of supervised release, considering the factors specified in Section 3583(e), early termination is not justified in this case. In particular, the seriousness of the offense and the related needs to afford adequate deterrence and protect the public from further crimes, see 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), more than justify requiring the defendant to complete the remaining months of his term. As noted

above, the defendant was convicted of aiding and abetting the distribution of over 450 grams of crack. This was the defendant's seventh criminal conviction, having previously been convicted of, among other things, attempted assault, criminal possession of a controlled substance, and criminal possession of a weapon. Moreover, the defendant has not shown that the terms of his supervised release are especially onerous or problematic in any way.

The Government has spoken with U.S. Probation Officer Anthony Macchia, who has been supervising the defendant since August 2006. Mr. Macchia does not oppose the defendant's request for early termination.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
Kathryn Martin
Assistant U.S. Attorney
(914) 993-1963

cc: LeRoi C. Johnson., Attorney for Butler (by mail)
U.S. Probation Officer Anthony Macchia (by email)